United States District Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIVIANA MANN, *et al.*, § § Plaintiffs. § § v. § § AMICA MUTUAL INSURANCE § COMPANY, § § Defendant. § | CIVIL ACTION NO. 4:23-cv-01148 |

## OPINION AND ORDER

This is an uninsured motorist case brought by Plaintiff Manuela Moro against her insurance carrier Amica Mutual Insurance Company ("Amica").[1] According to the First Amended Complaint, Moro was traveling in a car on July 12, 2019, when Romeo Marines, an uninsured motorist operating his vehicle at an excessive speed, collided with Moro's automobile. Moro claims she suffered personal injuries as a result of the accident. She brings a declaratory judgment action as well as a claim under Chapter 541 of the Texas Insurance Code for unfair settlement practices.

Amica has filed a motion for summary judgment. *See* Dkt. 35. Moro has not responded to the motion for summary judgment. Even so, a district court may not grant a summary judgment based solely on a non-movant's failure to respond to the motion. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) ("[A] district court may not grant a motion for summary judgment merely because it is unopposed.").

---

[1] This lawsuit was originally brought by Moro and her daughter, Viviana Mann, another occupant of the vehicle. Mann has resolved her claims against Amica and is no longer a party to this lawsuit. *See* Dkt. 34.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party moving for summary judgment need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. *See* FED. R. CIV. P. 56(e).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The proof must be of such quality "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (quotation omitted). "At the summary judgment stage, factual disputes are resolved in favor of the nonmoving party, and the court may not make credibility determinations or weigh the evidence." *Gatheright v. Clark*, 680 F. App'x 297, 299 (5th Cir. 2017).

## ANALYSIS

**A.   DECLARATORY JUDGMENT**

Moro seeks judicial declarations that: (1) she is entitled to recover uninsured motorist benefits under her Amica insurance policy (the "Policy") as a result of the July 12, 2019 motor vehicle accident; (2) the Policy containing $250,000 per person/$500,000 per incident in coverage for uninsured motorist benefits was in full force and effect at the time of the July 12, 2019 accident; (3) the negligence of

Marines was the proximate cause of the July 12, 2019 accident; (4) Marines does not have identifiable insurance; and (5) a determination of the amount of uninsured motorist benefits to which Moro is entitled to recover under the Policy.

Amica concedes that the Policy contained $250,000 per person/$500,000 per incident coverage at the time of the incident. Amica also concedes that Marines was uninsured at the time of the accident. But Amica argues that declaratory relief is inappropriate because Moro has failed to present any evidence that she is entitled to damages from Marines as a result of the July 12, 2019 accident.

Texas law requires automobile insurers to provide uninsured/underinsured ("UM/UIM") motorist coverage in their policies "[t]o protect responsible motorists from financial loss when they are involved in car accidents with uninsured or underinsured motorists." *Allstate Fire & Cas. Ins. Co. v. Rodriguez*, No. 13-18-00616, 2021 WL 3777165, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2021, no pet.); *see* TEX. INS. CODE § 1952.101(b). This coverage "protects insureds who are *legally entitled* to recover from owners or operators of uninsured or underinsured motor vehicles." TEX. INS. CODE § 1952.101(a) (emphasis added). "To be legally entitled to recover benefits under a [UM/]UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages." *Butts v. State Auto. Mut. Ins. Co.*, No. 1:22-cv-1238, 2023 WL 3765602, at *3 (W.D. Tex. May 17, 2023).

"The [UM/]UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). It follows that a UM/UIM "insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Id.* "Neither requesting [UM/]UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id.* The Texas Supreme Court recently held that "a declaratory judgment action is the appropriate remedy for determining the underlying tort issues that

control the validity of an insured's [UM/]UIM claim against his insurer." *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021).

In support of its summary judgment argument that Moro has failed to create a genuine dispute of material fact that she has incurred damages, Amica points out that Moro's treating doctor cannot confirm that the July 12, 2019 accident caused Moro to suffer any damages. *See* Dkt. 35-2 at 10 ("Q. All right. So it's fair to say, based on the information that you have, you just don't know whether the degenerative changes or the disc prolapse or herniation were degenerative or acute or caused by the accident; it that fair? A. Yes, that's fair."). For her part, Moro offers no evidence indicating that the July 12, 2019 automobile accident caused her *any* injury. Because Moro has failed to carry her burden of establishing that the accident at issue resulted in any damages, she cannot show that she is entitled to policy benefits. I therefore grant summary judgment in favor of Amica on Moro's declaratory judgment claim.

**B.    CHAPTER 541 OF THE TEXAS INSURANCE CODE**

In her live pleading, Moro also alleges that Amica has violated Chapter 541 of the Texas Insurance Code. Chapter 541 prohibits insurers from engaging in "unfair settlement practices." TEX. INS. CODE § 541.060(a). Amica moves for summary judgment on this claim for a variety of reasons, including that Moro cannot present any evidence of a Chapter 541 violation.

To establish damages under Chapter 541, an insured must establish either (1) a right to receive benefits under the policy, or (2) an injury independent of a right to benefits. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) ("[A]n insured cannot recover *any* damages based on an insurer's statutory violation [of Chapter 541] if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits."). "[T]here is no alternative to these two pathways." *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 873 (Tex. 2021). An injury is not independent if the insured's "claims are predicated on the loss being covered under the insurance policy, or if

4

the damages flow or stem from the denial of the claim for policy benefits." *Menchaca*, 545 S.W.3d at 500 (cleaned up).

As explained, Amica's contractual duty to pay uninsured motorist benefits under the Policy does not arise until Moro obtains a judgment establishing both liability and damages. *See Brainard*, 216 S.W.3d at 818. In terms of "an injury independent of a right to benefits," *Menchaca*, 545 S.W.3d at 500, the only damages Moro requests relate to amounts allegedly due under the insurance policy's uninsured motorist provision. *See* Dkt. 19 at 4. Moro fails to even allege damages apart from failing to pay or delaying payment of policy benefits. And more to the point, there is no evidence in the summary judgment record supporting any claim for damages of any sort.

Because Moro (1) is not entitled to a judgment establishing any rights to uninsured motorist benefits under the Policy; and (2) has failed to establish an injury independent of a right to benefits under the Policy, her Chapter 541 claim fails as a matter of law. *See Menchaca*, 545 S.W.3d at 500.

## CONCLUSION

For the reasons discussed above, I **GRANT** Amica's Motion for Summary Judgment. Dkt. 35. Moro's claims are dismissed as a matter of law. I will issue a final judgment separately.

SIGNED this 6th day of November 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE